IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| GLADDEN L. MEJICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTGOMERY COUNTY, MARYLAND et al.,<br><br>    Defendants. | Civil Action No. 8:12-cv-00823-AW |

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss. The Court has reviewed the record and deems no hearing necessary. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 20, 2011 or thereabouts, Plaintiff Gladden L. Mejica was walking home from the mall with his friend Randall Canong. Plaintiff and Canong heard a noise and saw a man come out of the bushes. Simultaneously, two more men appeared in front of them. The three men who approached Plaintiff and Canong were not wearing police uniforms and did not identify themselves as police officers. Two of the men ran toward Plaintiff and Canong and the man who had emerged from the bushes grabbed Plaintiff and Canong. Plaintiff and Canong fled in opposite directions. Plaintiff eventually stopped and one of the three men tackled him onto the pavement, which caused him to receive severe abrasions and other injuries to his head and arm. The man who tackled Plaintiff started to choke Plaintiff and Plaintiff resisted. Eventually, the man choking Plaintiff identified himself as a police officer and Plaintiff stopped resisting.

1

The officer who tackled Plaintiff started questioning Plaintiff as Plaintiff sat on the ground. The officer repeatedly accused Plaintiff of lying even though Plaintiff professed his innocence and explained that he and his friend attempted to flee when the officers appeared because they thought the officers were would-be robbers. The questioning officer walked away and another officer approached Plaintiff, questioned him, and took his cell phone and wallet.

Approximately thirty minutes passed. An officer informed Plaintiff that the officers had received a call from mall security reporting that two Asian males had stolen merchandise from a store and that Plaintiff and Canong matched their description. The officer then told Plaintiff that the officers had mistakenly apprehended him and Canong. Plaintiff went to the hospital for his injuries and is under the care of a plastic surgeon to see if his injuries will require reconstructive surgery. Plaintiff alleges that the following officers were involved in the incident: Charles Welter; John Wigmore; Curtis Jacobs; Ryan Mungra; and Phillip Chapin (collectively "Officers").

Plaintiff originally filed this case in the Circuit Court for Montgomery County. Defendants removed the case. Plaintiff's Complaint contains ten Counts and sounds in excessive force. Defendants moved for partial dismissal. Doc. No. 9. Defendants raise several arguments in their Motion to Dismiss. Plaintiff filed an opposition in which he failed to meaningfully respond to the vast bulk of Defendants' arguments.

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Summary Judgment**

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III.   LEGAL ANALYSIS

### A.   Governmental Immunity

Plaintiff asserts the following claims against Defendant Montgomery County: Count 1 (false arrest); Count 2 (false imprisonment); Count 3 (excessive force); Count 4 (assault); Count 5 (battery); Count 6 (§1983 – Fourth and Fifth Amendments); Count 7 (Articles 24 and 26 of the Maryland Declaration of Rights); Count 8 (invasion of privacy); Count 10 (negligence). Counts 1 – 5, 8, and 10 are state common law tort claims. The County argues that these claims fail as a

matter of law because the County enjoys governmental immunity for common law torts arising out of activities that are inherently governmental.

Maryland recognizes the doctrine of governmental immunity. *Tadjer v. Montgomery County*, 479 A.2d 1321, 1324 (Md. 1984). Under this doctrine, municipalities cannot incur liability for torts that occur during the municipality's performance of governmental—as opposed to proprietary—functions. *See Austin v. City of Baltimore*, 405 A.2d 255, 261 (Md. 1979). It is well-established in Maryland that police protection is a governmental function. *Quecedo v. Montgomery County*, 287 A.2d 257, 260–61 (Md. 1972). Furthermore, Montgomery County has not waived governmental immunity. *See id.* at 259; *see also Tadjer*, 479 A.2d at 1324.

In this case, Plaintiff alleges that the abovementioned common law torts occurred during the County's provision of traditional community policing services. Moreover, Plaintiff does not respond to the County's argument that governmental immunity bars these claims. Accordingly, the Court dismisses Plaintiff's state common law tort claims against the County.

**B.     Count 6 (§1983 – Fourth and Fifth Amendments)**

Plaintiff asserts a § 1983 claim against both the County and Officers. The Court addresses the claims against the County and the Officers separately.

*1.     Claims Against the County*

The County argues that Plaintiff's § 1983 claim fails because Plaintiff has inadequately alleged the existence of an unconstitutional municipal policy, custom, or practice that caused the injury of which he complains. As this Court has held, "the failure to specifically identify a municipal policy, custom, or practice is fatal to a *Monell* claim." *Lapier v. Prince George's County, Md.*, Civil Action No. 10–CV–2851 AW, 2012 WL 1552780, at *6 (D. Md. Apr. 27,

2012) (internal quotation marks omitted) (citing *Walker v. Prince George's County, Md.*, 575 F.3d 426, 431 (4th Cir. 2009)).

In this case, the County accurately asserts that Plaintiff has failed to specifically identify a policy, custom, or practice on the County's part that purportedly caused his injuries. This failure is fatal to Plaintiff's § 1983 claim against the County.

Plaintiff responds that the Court should allow him to conduct discovery because the County exclusively possesses the information necessary to determine whether the County has such a policy. The Court denies this request. To qualify for early discovery, Plaintiff would have to "[show] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). Here, Plaintiff has not submitted the required declaration or affidavit. Nor has Plaintiff provided specific reasons that he cannot contest the County's Motion. Instead, Plaintiff blithely states that discovery may unearth evidence sufficient to state a *Monell* claim. Rarely, if ever, is such speculation sufficient to survive a 12(b)(6) motion where, as here, the plaintiff's allegations do not create a plausible inference that such a policy exists or that, if it did, it caused the complained-of harm. *See Lapier*, 2012 WL 1552780, at *6 (citing *Walker*, 575 F.3d at 431). A less rigorous rule would allow plaintiffs to sidestep the plausibility pleading standard and obtain discovery no matter the vigor *vel non* of their complaint. Beyond being unfaithful to controlling precedent, this outcome would impose onerous costs on litigants and the judicial system. Accordingly, the Court dismisses Count 6 as to the County.

   2.   *Claims Against the Officers*

Defendants argue that Plaintiff's § 1983 Fourth and Fifth Amendment claims against the Officers fail because the Fifth Amendment applies to the conduct of only the United States or a

federal actor. Although this statement is generally true, Plaintiff's Fifth Amendment claim sounds in due process, and the Fourteenth Amendment has its own Due Process Clause. U.S. Const. amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law"). The Fourteenth Amendment's Due Process Clause applies to state action. *Shelley v. Kraemer*, 334 U.S. 1, 13, (1948). Here, however, Defendants have not asserted that the Officers' conduct did not constitute state action or was not under the color of law. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (citation and internal quotation marks omitted) ("In cases under § 1983, under color of law has consistently been treated as the same thing as the state action required under the Fourteenth Amendment."). Likewise, as to Plaintiff's Fourth Amendment claim, it is well-settled that the Fourteenth Amendment makes the Fourth Amendment's prohibition against unreasonable searches and seizures applicable to the states. *See Wolf v. Colorado*, 338 U.S. 25, 27–28, *overruled on other grounds by Mapp v. Ohio*, 367 U.S. 643 (1961). Besides, a Fourth Circuit case proposes that a plaintiff's failure to mention the Fourteenth Amendment in a complaint does not vitiate the validity of a § 1983 excessive force claim. *See Enweremadu v. Reichlin*, No. 92-1845, 1993 WL 311914, at *3 (4th Cir. Aug. 18, 1993). Therefore, the Court denies Defendants' Motion to Dismiss as to Plaintiff's Count 6 claims against the Officers.[1]

## C.    Whether to Dismiss all Claims Against Three of the Five Officers

Defendants ask the Court to dismiss all of Plaintiff's claims against the following three Defendants: Phillip Chapin, Ryan Mungra, and John Wigmore. Defendants note that, although

---

[1] Defendants have not moved to dismiss Plaintiff's Fifth Amendment substantive due process claim on the ground that Plaintiff bootstrapped it onto his Fourth Amendment excessive force claim. *See Connecticut v. Gabbert*, 526 U.S. 286, 293 (1999) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) ("[W]here another provision of the Constitution 'provides an explicit textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of "substantive due process."'").

Plaintiff alleges that three officers played a role in his pursuit, seizure, and questioning, he does not identify them. Furthermore, Chapin, Mungra, and Wigmore have filed essentially identical affidavits in which they declare that they participated in the pursuit and detention of only Plaintiff's friend. Plaintiff argues that summary judgment for these three officers is improper because Plaintiff has not had the chance to conduct discovery. But Plaintiff does not give the Court reason to believe that discovery would produce evidence further implicating these three officers in his pursuit, seizure, and questioning.

Plaintiff's own allegations, moreover, make clear that only two Officers were meaningfully involved in his pursuit, seizure, and questioning. Plaintiff alleges that only two officers were involved in his seizure and subsequent questioning. And while Plaintiff alleges that a third officer came out of the bushes and accosted him, his allegations lead ineluctably to the inference that this happened for only a moment and that the third officer chased his friend instead. In short, Plaintiff's own allegations are consistent in all material respects with the affidavits of Chapin, Mungra, and Wigmore. Thus, the case presents no genuine dispute of material fact regarding whether these three Offices were meaningfully involved in Plaintiff's pursuit, detention, and questioning. Consequently, the Court dismisses Plaintiff's claims against Officers Chapin, Mungra, and Wigmore.[2][3]

---

[2] If any future discovery reveals facts demonstrating that these three Officers played a significantly greater role in Plaintiff's pursuit, detention, and questioning, the Court may entertain a motion for reconsideration.

[3] When treating a 12(b)(6) motion as one for summary judgment, Rule 12 requires courts to give the plaintiff a reasonable opportunity to present all material that is pertinent to the motion. Fed. R. Civ. P. 12(d). As this Court has consistently held, this standard entails notice and a fair opportunity to contest the factual matter presented. *See, e.g.*, *Cheraghi v. MedImmune, LLC*, Civil Action No. 8:11–cv–01505(AW), 2011 WL 6047059, at *2–3 (D. Md. Dec. 5, 2011) (citation omitted). Here, the notice requirement is satisfied because the Officers' affidavits put Plaintiff on notice that the Court could rely on material outside the Complaint. *See id.* at *2 (citation omitted). The overall fairness requirement is satisfied because it does not appear that there is any discoverable information that would enable Plaintiff to withstand this aspect of Defendants' Motion to Dismiss. *See id.* at *3.

**D.     Whether to Dismiss Count 3 (Excessive Force)**

Plaintiff asserts an "excessive force" claim purporting to be a common law tort. Defendants argue that Maryland recognizes no such tort and that Plaintiff's excessive force claim duplicates his state constitutional tort claim for excessive force. Plaintiff has not responded to this argument. Defendants' argument is well-taken and the Court dismisses Count 3.

**E.     Whether to Dismiss Count 8 (Invasion of Privacy)**

Defendants move the Court to dismiss this claim for two main reasons. First, Defendants contend that no Maryland court has definitively held that the tort of invasion of privacy applies to police arrests. Defendants argue in the alternative that the Maryland courts that have assumed *arguendo* that such claims are actionable have ruled against the plaintiff on facts more egregious than the facts of this case. Plaintiff concedes that no Maryland court has definitely recognized that invasion of privacy applies to unlawful police searches/seizures but contends that this case is distinguishable from those cases in which Maryland courts have ruled against plaintiffs asserting the same claim.

Defendants have the stronger argument. The Maryland Court of Appeals has yet to hold that an unlawful arrest can constitute invasion of privacy even though it has faced the question. *See Ashton v. Brown*, 660 A.2d 447, 471 (Md. 1995). The Court is reluctant to declare such claims actionable when the Maryland Court of Appeals has had an opportunity to and yet declined to do so. Dismissal of Plaintiff's invasion of privacy claim is proper on this basis alone.

What is more, in light of *Ashton*, dismissal would be proper even if the claim were actionable. The *Ashton* court indicated that reasonableness under the facts presented is the touchstone in invasion of privacy suits of this type and that mere unconstitutional detentions do not support invasion of privacy claims. *Id.* There, the court declined to impose liability for

invasion of privacy in face of evidence that the police arrested, handcuffed, photographed, searched, and detained two girls for, respectively, forty minutes and three hours. *See id.* at 453. Here, Plaintiff seems to concede that he and his friend fit the description of the suspects and, beyond allegations of unlawful seizure and excessive force, simply avers that one officer took his cell phone and wallet. These alleged facts are no more intrusive than being photographed, handcuffed, searched all over, and detained for three hours, and display no less reasonableness on the part of the Officers. Accordingly, the Court dismisses Plaintiff's invasion of privacy claim.

### F.   Whether to Dismiss Count 10 (Negligence)

Under Count 10, Plaintiff asserts a negligence claim against the Officers. Defendants argue that the Officers cannot incur negligence liability based on the arrest because they enjoy public official immunity. Such immunity, according to Defendants, insulates the Officers from tort liability for discretionary actions taken during the scope of their employment that are free of malice. Plaintiff does not respond to this argument.

The Court dismisses Count 10 for two reasons. One, Plaintiff's unexplained failure to address this argument despite being fully apprised of it and having had a full opportunity to respond amounts to abandonment of the negligence claim. *Benahmed v. BAE Sys. Tech. Solutions & Servs., Inc.*, Civil Action No. 12–cv–01974–AW, 2013 WL 80160, at *3 (D. Md. Jan. 4, 2013) (citations omitted). Second, Defendants' immunity argument is well-taken. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-507 ("An official of a municipal corporation, while acting in a discretionary capacity, without malice, and within the scope of the official's employment or authority shall be immune as an official or individual from any civil liability for the performance of the action."); *see also Williams v. Mayor & City Council of Balt.*, 753 A.2d 41, 57 (Md. 2000).

In short, Plaintiff must prove malice to recover against the Officers. Ordinarily, however, a person cannot simultaneously act maliciously and negligently. *See Walser v. Resthaven Mem'l Gardens, Inc.*, 633 A.2d 466, 476–77 (Md. Ct. Spec. App. 1993). Thus, it is implausible that Plaintiff could prevail on his negligence claim. Consequently, the Court dismisses this claim.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. A separate Order memorializing the Court's rulings follows. Also, the Court will issue a Scheduling Order.

|  |  |
|---|---|
| January 28, 2013 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |